FILED by _____ D.C.
ELECTRONIC
**May 20, 2008**
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ADMIRALTY DIVISION

Case No.

**08-60763-CIV-MORENO/TORRES**

NEW HAMPSHIRE INSURANCE COMPANY,
as subrogee of Murray & Anne Marie Peretz,

       Plaintiff,
v.

KVH INDUSTRIES, INC., a foreign corporation,
and JOHNSON ELECTRONICS &
MACHINERY, INC., a Florida corporation,

       Defendants.
_____/

## COMPLAINT

Plaintiff, NEW HAMPSHIRE INSURANCE COMPANY ("NHIC"), as subrogee of Murray & Anne Marie Peretz, hereby sues Defendants, KVH INDUSTRIES, INC. ("KVH") and JOHNSON ELECTRONICS & MACHINERY, INC. ("JOHNSON ELECTRONICS") and states as follows:

1. This is an action for subrogation to recover money damages in excess of $75,000 excluding interests, attorneys' fees and costs.

2. This action is brought within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and is an action over which the Court has admiralty and maritime jurisdiction under 28 U.S.C. § 1333.

3. This action arises out of the constructive total loss of a vessel after the occurrence of an electrical fire while it was in navigable waters in Dania, Broward County, Florida.

4. Venue is proper in this District under 28 U.S.C. §1391 because the Defendants do business in this District, at least one Defendant resides in this District and a substantial part of events and omissions giving rise to claim occurred in this District.

5. Plaintiff, NHIC, is an insurance company organized under the laws of the State of Pennsylvania, with its principal place of business in the State of New York, and is the subrogee of Murray & Anne Marie Peretz.

6. Defendant KVH is a Delaware corporation with a principal place of business in Middletown, Rhode Island, engaged in the business of designing, manufacturing, integrating, assembling, modifying, inspecting, testing, servicing, marketing, selling and/or distributing electronics products and related components throughout the world and the United States, including the State of Florida.

7. Personal jurisdiction exists in Florida over Defendant KVH because:

    a. KVH designed, manufactured, integrated, assembled, modified, inspected, tested, serviced, marketed, sold and/or distributed electronic products to consumers in the State of Florida, including the TracVision G-4 satellite TV antenna system, its antenna directional control unit ("ADCU") and other related components and parts with a marine application, with the intent and knowledge that its products would be sold to and used by consumers in the State of Florida in the ordinary course of commerce, trade, or use;

    b. At all times material KVH operated, engaged in or carried on a business venture in this state or had an office or agency in this state;

2

    c.    KVH committed a tortious act in this state;

    d.    KVH caused injury to property within this state arising out of an act or omission by KVH outside this state at a time when KVH was engaged in solicitation or service activities within Florida; or products, materials or things processed, serviced, or manufactured by KVH were used or consumed within Florida in the ordinary course of commerce;

    e.    At all times material KVH personally and/or through an agent was engaged in substantial and not isolated activity within Florida;

    f.    KVH sells, consigns, or leases tangible or intangible personal property through brokers, jobbers, wholesalers, dealers or distributors to persons and firms within Florida, therefore under Fla. Stat. § 48.181(3) KVH is engaged in substantial and not isolated activities within Florida and is operating, conducting, engaging in or carrying on a business or business venture in Florida.

8.    Defendant JOHNSON ELECTRONICS is a Florida corporation with a principal place of business at 3776 SW 30th Avenue, Fort Lauderdale, Florida 33312, and thus venue is proper in this District.

9.    JOHNSON ELECTRONICS is and was an authorized dealer and technical service provider of marine electric and electronic components and systems, including but not limited to satellite televisions systems, antennas and related components such as those installed in the vessel subject of this litigation.

3

FOWLER WHITE BURNETT, P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200

10. At all times material Murray & Anne Marie Peretz were the owners of the M/Y "ESCAPIST", a 2001 64' Sunseeker Manhattan motor yacht, Hull Identification No.: XSK01726J001 ("the subject vessel"), which was at all times insured by NHIC pursuant to Policy No. YM 919-93-54 ("the Policy").

11. On or about August 8, 2006 the M/Y "ESCAPIST" was being operated in navigable waters near Dania Beach, Florida when it sustained an electrical fire that originated near the entertainment center of its main saloon, which resulted in extensive smoke and fire damage to the interior and exterior of the vessel, the constructive total loss of the vessel and damage to other property.

12. Murray & Anne Marie Peretz made a claim to NHIC as their insurer for the total loss of the vessel and for other property aboard the vessel. Pursuant to its obligations under the Policy, NHIC paid to Mr. and Mrs. Peretz the Agreed Hull Value of $1,285,000.00, less the deductible in the amount of $12,850.00, and other property losses and salvage/wreck removal and other charges paid to third parties. NHIC became legally subrogated to Mr. and Mrs. Peretz' rights and interests to the extent of the payments.

13. NHIC has performed all conditions precedent to the maintenance of this action or all such conditions have occurred or have been waived.

14. NHIC has retained the Law Offices of Fowler White Burnett, P.A. to prosecute this action, and has agreed to pay Fowler White Burnett, P.A. a reasonable attorney fee for their services.

### COUNT I - NEGLIGENCE AGAINST KVH

15. Plaintiff re-alleges its allegations of paragraphs 1 through 13 above as if fully set forth herein.

4

4 of 12

FOWLER WHITE BURNETT, P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200

16. At all times material KVH designed, manufactured, integrated, assembled, modified, serviced, inspected, tested, marketed, distributed, and/or sold the TracVision G-4 satellite TV antenna system and certain related components, including but not limited to its ADCU.

17. At all times material KVH was engaged in the sale of marine electronic systems, such as the TracVision G-4 satellite TV antenna system and related components with full knowledge and intent that the TracVision G-4 satellite TV antenna system and related component parts, including but not limited to its ADCU, would be installed on motor vessels or motor yachts such as the subject vessel.

18. At all times material KVH knew or in the exercise of reasonable care should have known that if the TracVision G-4 satellite TV antenna system, including but not limited to its ADCU failed, it could cause an electrical fire, which would create an unreasonable risk of harm to persons and/or damage to property such as the vessel itself.

19. At all times material KVH was under a duty to use reasonable care, and/or to exercise the highest degree of care in designing, manufacturing, integrating, assembling, modifying, testing, inspecting, marketing and distributing its marine electronic components such as the TracVision G-4 satellite TV antenna system, including but not limited to its ADCU for use on motor vessels and motor yachts such as the subject vessel.

20. KVH was under a further, continuing and/or on-going duty to, among other things:

   a. Design, manufacture, integrate, assemble, inspect, test and/or modify the TracVision G-4 satellite TV antenna system, including but not limited to the ADCU to ensure it could be safely operated aboard such vessels; and/or

5

5 of 12   FOWLER WHITE BURNETT, P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200

  b. Modify, service and/or repair defective and/or dangerous conditions that were known or likely to be known by KVH in the exercise of reasonable care; and/or

  c. Warn, advise and/or inform owner/operators, captains, marine service providers and/other persons of such defective and/or dangerous conditions concerning and/or relating to KVH's design, manufacture, integration, assembly, modification, testing and/or inspection of the subject satellite television system and its associated electronic component parts that were known and/or should have been known to KVH.

21. KVH knew or should have known that if KVH's design, manufacture, integration, assembly, modification, testing and/or inspection of the subject satellite television system and its associated electronic component parts were not properly executed there would be an unreasonable risk of fire aboard the vessel, and damage thereto.

22. At all time material KVH breached the aforementioned duties and/or negligently and carelessly failed to discharge the aforementioned duties by, among other things:

  a. Failing to design, manufacture, integrate, assemble, inspect, test and/or modify the TracVision G-4 satellite TV antenna system, including but not limited to the ADCU and other electronic components parts of the satellite television system to ensure it could be safely operated aboard such vessels; and/or

  b. Failing to test and/or inspect the TracVision G-4 satellite TV antenna system for defective and/or dangerous conditions that existed or were likely to exist in the

FOWLER WHITE BURNETT, P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200

   satellite televison system, including but not limited to the ADCU and other electronic components parts of the satellite television system; and/or

  c. Failing to modify, service and/or repair defective and/or dangerous conditions that were known or likely to be known by KVH in the exercise of reasonable care; and/or

  d. Failing to warn, advise and/or inform owner/operators, captains, marine service providers and/other persons of such dangerous conditions concerning and/or relating to KVH's design, manufacture, integration, assembly, modification, testing and/or inspection of the TracVision G-4 satellite TV antenna system, including but not limited to the ADCU and other electronic components parts of the satellite television system that were known and/or should have been known to KVH.

  23. As a direct and proximate result of KVH's negligence as described in the paragraphs above, the subject vessel sustained an electrical fire caused by its products and installation originating in the entertainment center of its main saloon, consequently causing damages and the constructive total loss of the subject vessel and other consequential damages, for which NHIC was obligated to pay its insured, Murray and Anne Marie Peretz, and NHIC became legally subrogated to Mr. and Mrs. Peretz' rights and interests to the extent of payments made.

  WHEREFORE, Plaintiff, NEW HAMPSHIRE INSURANCE COMPANY, as subrogeee of Murray and Anne Marie Peretz demands judgment against KVH Industries, Inc. for compensatory damages to the extent of payments made to its insured and others, and requests that the Court grant such other and further relief as is deemed necessary and proper.

## COUNT II - STRICT LIABILITY AGAINST KVH

24. Plaintiff re-alleges its allegations of paragraphs 1 through 13 above as if fully set forth herein.

25. At all times material KVH designed, manufactured, integrated, assembled, modified, serviced, inspected, tested, marketed, distributed, and/or sold the TracVision G-4 satellite TV antenna system and certain related components, including but not limited to its ADCU, all the time knowing that the equipment that it delivered would be used by owner/operators, captains, marine service providers and/other persons without further testing or inspection.

26. Under the conditions then and there existing at the time of the sale, the subject TracVision G-4 satellite TV antenna system and certain related components, including but not limited to its ADCU were unfit for its intended use, unreasonably dangerous and defective: further, the instructions, information and warnings regarding the operation and maintenance of the subject satellite television system were inadequate, creating an unreasonably dangerous condition, and KVH failed to provide owner/operators, captains, marine service providers and/other persons operating and/or maintaining the system with adequate instructions, information and/or warning of the nature and effect of the aforesaid danger.

27. At all times material KVH knew or in the exercise of reasonable care should have known that if the TracVision G-4 satellite TV antenna system, including but not limited to its ADCU or other antenna control components or parts failed, it could cause an electrical fire, which would create an unreasonable risk of harm to persons and/or damage to property such as the vessel itself.

8

28. At all times material the TracVision G-4 satellite TV antenna system, including but not limited to its ADCU or other antenna control components and parts were unaltered and were being used as intended and/or reasonably foreseeable by its manufacturer.

29. As a direct and proximate result of KVH's negligence as described in the paragraphs above, the subject vessel sustained an electrical fire originating in the entertainment center of its main saloon, causing damages and the constructive total loss of the subject vessel and other consequential damages, for which NHIC was obligated to pay its insured, Murray and Anne Marie Peretz, and NHIC became legally subrogated to Mr. and Mrs. Peretz' rights and interests to the extent of payments made.

WHEREFORE, Plaintiff, New Hampshire Insurance Company, as subrogeee of Murray and Anne Marie Peretz demands judgment against KVH Industries, Inc. for compensatory damages to the extent of payments made to its insured and others, and requests that the Court grant such other and further relief as is deemed necessary and proper.

## COUNT III - NEGLIGENCE AGAINST JOHNSON ELECTRONICS

30. Plaintiff re-alleges its allegations of paragraphs 1 through 14 above as if fully set forth herein.

31. At all times material JOHNSON ELECTRONICS installed, serviced, maintained, repaired, replaced, disassembled, modified, inspected and/or tested the electrical and electronic equipment aboard the subject vessel, including but not limited to the TracVision G-4 satellite TV antenna system and certain related components.

32. At all times material JOHNSON ELECTRONICS knew or in the exercise of reasonable care should have known that if the work it did on the electrical and electronic equipment

9

aboard the subject vessel, including but not limited to the satellite television system and certain related components was faulty or not properly performed, it could cause an electrical fire, which would create an unreasonable risk of harm to persons and/or damage to property such as the vessel itself.

33. At all times material JOHNSON ELECTRONICS was under a duty to use reasonable care, and/or to exercise the highest degree of care in installing, servicing, maintaining, repairing, replacing, disassembling, modifying, inspecting and/or testing the electrical and electronic equipment aboard the subject vessel, including but not limited to the satellite television system and certain related components.

34. At all times material JOHNSON ELECTRONICS breached the aforementioned duties and/or negligently and carelessly failed to discharge the aforementioned duties.

35. As a direct and proximate result of JOHNSON ELECTRONICS' negligence the subject vessel sustained an electrical fire originating in the area of the entertainment center of its main saloon, causing damages and the constructive total loss of the subject vessel and other consequential damages, for which NHIC was obligated to pay its insured, Murray and Anne Marie Peretz, and NHIC became legally subrogated to Mr. and Mrs. Peretz' rights and interests to the extent of payments made.

WHEREFORE, Plaintiff, New Hampshire Insurance Company, as subrogeee of Murray and Anne Marie Peretz, demands judgment against JOHNSON ELECTRONICS & MACHINERY, INC. for compensatory damages to the extent of payments made by Plaintiff to its insured and others, and

FOWLER WHITE BURNETT, P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200

requests that the Court grant such other and further relief as is deemed necessary and proper.

Dated this ~~14th~~ 20th day of ~~April~~ May, 2008.

Respectfully submitted,

*[signature: Allan R Kelley]*

Allan R. Kelley
Fla. Bar No. 309893
FOWLER WHITE BURNETT P.A.
Espirito Santo Plaza
1395 Brickell Avenue, 14th Floor
Miami, Florida 33131-3302
Telephone: (305) 789-9200
Facsimile: (305) 789-9201
*Attorneys for Plaintiff*
*New Hampshire Insurance Company, as subrogeee of Murray and Anne Marie Peretz*

W:\71359\COMPLA15--KVH and Johnson.RCC

11

§JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

FILED by __ D.C.
ELECTRONIC
May 20, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed**

**I. (a) PLAINTIFFS**
NEW HAMPSHIRE INSURANCE COMPANY, as subrogee of Murray & Anne Marie Peretz,

**DEFENDANTS**
KNH Industries, Inc., a foreign corporation,
ELECTRONICS & MACHINERY, INC., a Florida corporation,

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Allan R. Kelley, Esq., Fowler White Burnett, P.A., 1395 Brickell Avenue, 14th Floor, Miami, Florida 33131; Tel. (305) 789-9200

Attorneys (If Known)

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☑ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

FTL 08CV 60763 - Moreno/Torres

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☑ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO
b) Related Cases ☐ YES ☐ NO
JUDGE _____ DOCKET NUMBER _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
/s/ Allan R. Kelley

DATE
5/20/08

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 980545
05/20/08