UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-60763-CIV-MORENO

NEW HAMPSHIRE INSURANCE COMPANY,
as subrogee of Murray & Anne Marie Peretz,

    Plaintiff,

vs.

KVH INDUSTRIES, INC., a foreign corporation,
and JOHNSON ELECTRONICS & MACHINERY, INC.,

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff New Hampshire Insurance Company's insureds Murray and Anne Marie Peretz owned the M/Y "Escapist", a 2001 64' Sunseeker Manhattan motor yacht. Defendant Johnson Electronics & Machinery, Inc. repaired the vessel's digital satellite receiver, replaced a VCR with a DVD player, and replaced a sub-component of Defendant KVH Industries, Inc.'s TracVision G-4 system's antenna. Approximately four months after the repair and replacement work, the vessel caught fire, resulting in a constructive total loss.

Plaintiff then brought this action as subrogee of the Peretz's against Defendant KVH for negligence and strict liability and against Defendant Johnson Electronics for negligence. Specifically, Plaintiff alleges that Defendant Johnson Electronics's negligent work on the vessel caused the electrical fire that destroyed the vessel. Defendant Johnson Electronics moved for summary judgment, alleging that the undisputed material facts establish that the fire was caused by something other than the work performed by Defendant Johnson Electronics. Plaintiff

maintains that summary judgment is inappropriate because there remain genuine issues of material fact. As there are genuine issues of material fact regarding the cause of the fire, summary judgment must be DENIED.

## I. Summary Judgment Standard

Summary judgment is authorized where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The nonmovant must present more than a scintilla of evidence in support of the nonmovant's position. A jury must be able reasonably to find for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

## II. Analysis

Defendant Johnson Electronics alleges that the undisputed material facts establish that the fire was caused by something other than the work performed by Defendant Johnson Electronics. To support its contention, Defendant references the reports and testimony of two experts retained by Plaintiff, Harvey Gurland and James Cote. Mr. Gurland determined that the cause of the fire was an electrical failure within the KVH GyroTrac Satellite System Advanced Digital Control Unit ("ADCU") and that the fire originated in the ADCU. Mr. Cote determined that the cause of the fire was overheating in the ADCU because the power passing through the ADCU to the antenna for the KVH GyroTrac Satellite System exceeded the capacity of the connectors and

there was inadequate ventilation and fire retardant material for the electronics cabinet. Defendant contends that as neither expert provided direct evidence that Defendant's work caused the fire, it is undisputed that Defendant did not cause the fire.

Defendant's analysis is flawed as the expert reports and testimony do create disputed issues of fact regarding the cause of the fire. The experts stated that the fire originated in the ADCU, and Defendant worked on components related to the ADCU. Among other things, Defendant used the ADCU to provide power to the antenna and it worked on the satellite system components connected to the ADCU. Defendant itself quotes Mr. Cote's conclusion that "it is possible" that the work performed by Defendant caused the fire. That statement alone creates a disputed fact regarding the cause of the fire; the experts did not have to unequivocally state that Defendant's work caused the fire for the issue to be disputed. After viewing all facts in the light most favorable to Plaintiff, the Court finds that there are genuine issues of material fact such that Defendant is not entitled to judgment as a matter of law. Thereofore, it is

**ADJUDGED** that Defendant Johnson Electronics & Machinery, Inc.'s Motion for Summary Judgment (D.E. No. 31) is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of August, 2009.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record